**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-1426

MATTHEW S. LOMAX,
REGIONAL DIRECTOR OF REGION 27
OF THE NATIONAL LABOR RELATIONS
BOARD, FOR AND ON BEHALF OF THE
NATIONAL LABOR RELATIONS BOARD,

      Petitioner,

v.

STARBUCKS CORPORATION,

      Respondent.

---

**PETITION FOR TEMPORARY INJUNCTION PURSUANT TO
SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT**

---

To the Honorable Judges of the United States District Court for the District of Colorado:

Comes now Matthew S. Lomax, Regional Director of Region 27 (the Petitioner) of the National Labor Relations Board, for and on behalf of the National Labor Relations Board (the Board), and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act (the Act) [29 U.S.C. § 160(j)], as amended,[1] for injunctive relief pending final disposition of matters pending before the

---

[1] Labor-Management Reporting and Disclosure Act of 1959, ch. 120, 73 Stat. 544; Labor-Management Relations Act, 1947, ch. 120, 61 Stat. 149].

Board, based upon an administrative complaint issued by the General Counsel of the Board (General Counsel), alleging that Starbucks Corporation (Respondent) has engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)], which, among other things, prohibits employers from discharging employees for engaging in union activities and other concerted activities for the purpose of mutual aid or protection.

1. Petitioner is the Regional Director of Region 27 of the Board, an agency of the United States Government and files this petition for and on behalf of the Board, which has authorized the filing of this Petition.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act [29 U.S.C. § 160(j)], which provides that "[t]he Board shall have power, upon issuance of a complaint . . . charging that any person has engaged in or is engaging in an unfair labor practice, to petition any district court of the United States . . . , within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order."

3. On May 9, 2022, the Chicago & Midwest Regional Joint Board, Workers United/SEIU (Charging Party Union), pursuant to provisions of the Act, filed with the Board the charge in Case 27-CA-295554 alleging that Respondent has engaged in and is

2

engaging in unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)]. (PX 1).[2]

4.  On June 17, 2022, the Charging Party Union, pursuant to provisions of the Act, filed with the Board the charge in Case 27-CA-297804 alleging that Respondent has engaged in and is engaging in unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)]. (PX 2). Thereafter, the charge was amended and filed with the Board on August 30, 2022. (PX 3).

5.  The aforementioned charges in paragraphs 3 and 4 were referred to then Regional Director Paula S. Sawyer and have been referred to Petitioner as the Regional Director of Region 27 of the Board.

6.  Following a full and thorough investigation, during which Respondent was given an opportunity to submit evidence and legal arguments, Petitioner determined there is reasonable cause to believe, as alleged in the charges, that Respondent engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)], and affecting commerce within the meaning of Sections 2(6) and (7) of the Act [29 U.S.C. §§ 152(6) and (7)].

7.  Based upon the charges filed in this proceeding, among other charges filed by the Charging Party Union that are not relevant to the instant proceeding, pursuant to

---

[2] Petitioner filed, contemporaneous with this Petition, an "Appendix of Exhibits in Support of Petition for Temporary Injunction Pursuant to Section 10(j) of the National Labor Relations Act." Accordingly, "PX" will refer to the exhibit number identified in the Appendix of Exhibits.

Section 10(b) of the Act [29 U.S.C. §. 160(b)], the General Counsel of the Board, on behalf of the Board, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing on November 9, 2022. (PX 4). Thereafter, the Petitioner issued an Order Further Consolidating Cases, Amended Consolidated Complaint on January 11, 2023, alleging that Respondent has been engaging in unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. (PX 6).

8. An administrative hearing opened before Administrative Law Judge Mara-Louise Anzalone at the National Labor Relations Board, Region 27 offices on Tuesday, March 14, 2023. The hearing continued through and including March 17, 2023, when the parties adjourned for a recess. The administrative hearing resumed on April 19, 2023, and concluded on April 20, 2022. (PX 8).

9. The Amended Consolidated Complaint alleges, among other things, that:

a) At all material times, Respondent has been a corporation with an office and place of business in Seattle, Washington and various locations throughout the United States, including stores located at 4825 N. Academy Blvd, Colorado Springs, Colorado (Respondent's Academy Store), 303 16th Street, Denver, Colorado (Respondent's 16th St. Store),[3] 1455 S. Nevada Ave., Colorado Springs, Colorado (Respondent's Nevada Store- now closed), and 5835 Leetsdale

---

[3] Hearing testimony establishes that Respondent's 16th Street store and Tremont store are used interchangeably.

4

Dr. Denver, Colorado (Respondent's Leetsdale Store), has been engaged in the operation of retail coffee shops.

 b) Annually, Respondent, in conducting its business operations described above in paragraph 9(a), derives gross revenues in excess of $500,000.

 c) Annually, Respondent purchases and receives at its stores described in paragraph 9(a), products, goods, and materials valued in excess of $5,000 directly from points outside the State of Colorado.

 d) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act [29 U.S.C. §§ 152(2), (6), and (7)].

 e) At all material times, the Charging Party Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. § 152(5)].

 f) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act [29 U.S.C.§ 152(11)] and/or agents of Respondent within the meaning of Section 2(13) of the Act [29 U.S.C. § 152(13)]:

   Daniel Ransdell - Store Manager
   Audrey Wakeland - District Manager

5

   g) About May 5, 2022, Respondent issued a final written warning to employee Ryan Dinaro.

   h) About June 17, 2022, Respondent discharged employee Ryan Dinaro.

   i) Respondent engaged in the conduct in paragraphs 9(g) and 9(h) because Respondent's employee Ryan Dinaro supported and assisted the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

   j) By the conduct described above in paragraphs 9(g), 9(h), and 9(i), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)].

  10. Upon information and belief, it may be fairly anticipated that, unless enjoined by this Court, Respondent will continue to engage in the conduct set forth above in paragraph 9 or similar acts in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)].

  11. There is imminent danger that substantial and irreparable injury will impact Respondent's employees unless the continuation of the above-mentioned unfair labor practices is immediately restrained. A serious flouting of the Act and of public policies

involved in the Act will continue, with the result that enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order and enforcement decree. Unless injunctive relief is immediately obtained, it may fairly be anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a Court of Appeals for an enforcement decree, with the result that employees will continue to be deprived of their fundamental right to engage in protected concerted activity for mutual aid or protection and to be represented for purposes of collective bargaining as provided for in the Act, a harm which cannot be remedied in due course by the Board. It is therefore necessary, just and proper that the effects of Respondent's acts and conduct be dissipated by remedial action on the part of Respondent so that its employees can freely exercise the rights guaranteed them by the Act and their rights not be impeded, impaired or hindered.

12. Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate and just and proper, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved herein by the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above in paragraph 9, similar acts and conduct, or repetitions thereof.

13. No previous application has been made by Petitioner for the relief requested herein.

**WHEREFORE**, Petitioner prays:

1. That this Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why a temporary injunction should not issue enjoining and restraining Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, from engaging in the acts and conduct described above, similar or like acts, or other conduct in violation of Section 8(a)(1) and (3) of the Act, or repetitions thereof, and the instant Petition be disposed of on the basis of the briefs and the administrative proceeding transcripts, without oral testimony, absent further order of the Court.

2. That this Court issue an Order directing Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, to cease and desist from the following acts and conduct, pending the final disposition of the matters involved herein by the Board:

    a) Discharging or disciplining its employees at any of its stores in the United States and its Territories including the Tremont store in Denver, Colorado because they engage in union and/or protected concerted activities;

8

   b) In any like or related manner unlawfully interfering with, restraining, or coercing employees at any of its stores in the United States and its Territories including the Tremont store in Denver, Colorado in the exercise of the rights guaranteed them under Section 7 of the Act.

 3. That the Court further order Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons on its behalf or in participation with it, to take the following affirmative action necessary to effectuate the policies of the Act pending the final disposition of the matters involved herein by the Board:

   a) Within five (5) days of the issuance of the District Court's Injunction Order, offer, in writing, interim reinstatement to employee Ryan Dinaro to his former position of employment, or if that position no longer exists, to a substantially equivalent position, displacing, if necessary, any employee who may have been hired or reassigned to replace him, without prejudice to his seniority or any other rights or privileges he previously enjoyed;

   b) Immediately on an interim basis rescind the written warning issued on May 5, 2022 to employee Ryan Dinaro and do not rely on it in assessing any future disciplinary action; remove from his employment records, on an interim basis, all references to the written warning, and notify Dinaro, in writing, that the discipline has been rescinded on an interim basis and will not be used against him in any way;

      c)     Within seven (7) days from the date of the District Court's Injunction Order, the Employer shall:

    i. Post physical copies of the District Court's Injunction Order setting forth the relief granted at the Employer's 300 16th Street Mall store in Denver, as well as translations in other languages as necessary to ensure effective communication to the Employer's employees as determined by the Board's Regional Director of Region 27, said translations to be provided by the Employer at the Employer's expense and approved by the Acting Regional Director, on the bulletin board, in all breakrooms, and in all other places where the Employer typically posts notices to its employees at the 300 16th Street Mall store in Denver; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksite to monitor compliance with this posting requirement;

    ii. Distribute electronic copies of the District Court's Injunction Order setting forth the relief granted, as well as translations in other languages as necessary to ensure effective communication to the Employer's employees as determined by the Board's Regional Director of Region 27 said translations to be provided by the Employer at the Employer's expense and approved by the Regional Director, to all employees employed by the Employer in the United States and its Territories via the Partner Hub, and all other intranet or internet sites or apps that the Employer uses to communicate with employees;

    iii. Convene one or more mandatory meetings, on working time and at times when the Employer customarily holds employee meetings and scheduled to ensure the widest possible attendance, at the Employer's Tremont Mall store in Denver, during which the District Court's Injunction Order setting forth the relief granted will be read by a responsible Employer agent to all employees, supervisors, managers, and agents, or at the Employer's option, by an agent of the Board in English. The Employer shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a

      representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at the Employer's expense. The Employer shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. The Employer shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise;

    iv. Distribute electronic copies of a high-level Employer official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Employer official) reading the District Court's Injunction Order, on its Partner Hub and all other intranet or internet sites or apps that the Employer uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories.

d) Within twenty (20) days of the issuance of the District Court's decision and order, file with the District Court, with a copy sent to the Regional Director of the Board for Region 27, a sworn affidavit from a responsible Employer official setting forth with specificity the manner in which the Employer has complied with the terms of the Court's decree, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the order was read to employees and by whom, as required by the Court's order.

Dated at Denver, Colorado, this 6th day of June 2023.

Respectfully submitted,

s/ Matthew S. Lomax
Matthew S. Lomax,
Regional Director of Region 27
National Labor Relations Board Region 27
Byron Rogers Federal Office Building  1961 Stout Street, Suite 13-103
Denver, CO 80294
Email: Matthew.Lomax@nlrb.gov Petitioner

By:

s/Isabel C. Saveland

*Isabel C. Saveland, Attorney Reg. No. 34745 (CO)*
*José R. Rojas, Attorney Reg. No. 288237 (CA)*
*Leticia Peña, Attorney Reg. No. 14789 (CO)*
National Labor Relations Board Region 27
Byron Rogers Federal Office Building
1961 Stout Street, Suite 13-103
Denver, CO 80294
Telephone: (720) 598-7416
Email: Isabel.saveland@nlrb.gov
   Jose.rojas@nlrb.gov
   Leticia.pena@nlrb.gov
Attorneys for Petitioner