**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01426-GPG-SBP

MATTHEW S. LOMAX, REGIONAL DIRECTOR OF
REGION 27 OF THE NATIONAL LABOR RELATIONS
BOARD, FOR AND ON BEHALF OF THE NATIONAL
LABOR RELATIONS BOARD,

    Petitioner,

v.

STARBUCKS CORPORATION,

    Respondent.

---

## ORDER ON SEVERAL MOTIONS

**Susan Prose, United States Magistrate Judge**

    This matter is before this court on three motions. First, Petitioner Matthew S. Lomax, a Regional Director for and on behalf of the National Labor Relations Board (the "Board"), moves for the court to adjudicate the Board's Section 10(j) Complaint and Petition (ECF No. 8) for Temporary Injunctive Relief against Respondent Starbucks Corporation ("Starbucks") on the record that the Board attached to the Petition (ECF Nos. 1-2, 2). ECF No. 18 ("Petitioner's Motion"). Starbucks opposes that motion. ECF No. 27. The Board replied. ECF No. 31. Judge Gallagher referred Petitioner's Motion to this court. ECF No. 25 (Memorandum).

    Second, Starbucks filed a counter-motion to expedite discovery and set an evidentiary hearing. ECF No. 20 ("Starbucks' Motion"). The Board opposes. ECF No. 32.[1] Starbucks

---

[1] The Board filed a certificate of service for its response separately. ECF No. 33. The parties are

replied. ECF No. 35. Both sides have filed notices of supplemental authority on Starbucks' Motion. ECF Nos. 36, 38, and 39. Judge Gallagher referred Starbucks' Motion to this court. ECF No. 23.

The charging party in the underlying administrative proceeding, Workers United (the "Union"), moves for leave to appear as an amicus curiae. ECF No. 28 ("Union's Motion"). The Union states therein that the Board "does not oppose the Union's participation as amicus through the filing of briefs but opposes other forms of amicus participation. Respondent opposes all forms of amicus participation by the Union." *Id.* at 5. Starbucks' opposition is ECF No. 34. The Board did not file an opposition to the Union's Motion. The Union replied. ECF No. 37. Judge Gallagher referred the Union's Motion to this court. ECF No. 30.

This court considers these motions under the referring Memoranda noted, the Order Referring Case (ECF No. 9), and 28 U.S.C. § 636(b)(1)(A) as nondispositive motions.[2]

I.  *The Board's Allegations and Request for Temporary Injunctive Relief*

The Board's Complaint and Petition for Temporary Injunction seeks, pursuant to Section 10(j) of the National Labor Relations Act (the "Act", codified at 29 U.S.C. § 160(j)), "injunctive relief pending final disposition of matters pending before the Board, based upon an administrative complaint issued by the General Counsel of the Board . . . alleging that Starbucks

---

requested going forward to include their certificates of service within their briefs to avoid cluttering the docket. *Cf.* D.C.COLO.LCivR 5.1(d). The parties are further requested to ensure their filings comply with this District's Local Rules, Judge Gallagher's practice standards, and this court's practice standards.

[2] None of the motions suggests that it seeks dispositive relief. Nor has this court found any cases in this District or elsewhere indicating such. Accordingly, this court issues its ruling as an order pursuant to 28 U.S.C. § 636(b)(1)(A).

. . . has engaged in, and is engaging in, acts and conduct in violation of Sections 8(a)(1) and (3) of the Act . . . which . . . prohibits employers from discharging employees for engaging in union activities and other concerted activities for the purpose of mutual aid or protection." ECF No. 8 (Complaint and Petition, "Complt.") at 1-2.

The Board alleges (in relevant part) that in the underlying proceeding, the Union filed charges with the Board on May 9, 2022, and June 17, 2022, alleging Starbucks engaged in unfair labor practices, charges which the Union amended on August 30, 2022. *Id.* ¶¶ 3, 4.

> Following a full and thorough investigation, during which Respondent was given an opportunity to submit evidence and legal arguments, Petitioner determined there is reasonable cause to believe, as alleged in the charges, that Respondent engaged in, and is engaging in, unfair labor practices in violation of Sections 8(a)(1) and (3) of the Act [29 U.S.C. §§ 158(a)(1) and (3)], and affecting commerce within the meaning of Sections 2(6) and (7) of the Act [29 U.S.C. §§ 152(6) and (7)].

*Id.* ¶ 6.[3] The Board alleges that its General Counsel

> issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing on November 9, 2022. (PX 4). Thereafter, the Petitioner issued an Order Further Consolidating Cases, Amended Consolidated Complaint on January 11, 2023, alleging that Respondent has been engaging in unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. (PX 6).

*Id.* ¶ 7 ("PX" refers to the exhibits the Board attached to its original petition, ECF No. 1-2).

---

[3] The Board does not allege or attach a written decision embodying its determination (alleged in Paragraph 6 of the Complaint) that Starbucks committed unfair labor practices. In its Memorandum in Support of the Complaint (filed June 6, 2023), the Board states "[t]his matter is currently pending a written decision and recommended order from ALJ Anzalone. The order is appealable to the Board and has no force or effect absent further action of the Board." Board's Motion at 12 (citing 29 C.F.R. §§ 102.45, 102.45-102.52). Thus, this court understands the Board's Administrative Complaint to be the determination that the Board alleges here. The court understands that it has jurisdiction "upon issuance of a complaint [by the Board] charging . . . any person." 29 U.S.C. § 160(j).

3

Consistent with the Board's Memorandum in Support of the Complaint (ECF No. 1-1), this court will refer to the Board's Amended Consolidated Complaint of January 11, 2023 (PX 6) as the "Administrative Complaint." Starbucks answered the Administrative Complaint, denying liability. PX 7.

The Board alleges that on June 17, 2022, Starbucks discharged Ryan Dinaro from his employment because he had "supported and assisted the Union and engaged in concerted activities and to discourage employees from engaging in these activities," and therefore, Starbucks' discharge of Mr. Dinaro is an unfair labor practice under the Act. *Id*. at ¶¶ 9(g)-(i).

The Board's Administrative Law Judge Mara-Louise Anzalone (the "ALJ") held a hearing on the Administrative Complaint over the course of three days in March and April 2023. *Id.* ¶ 8. The hearing covered several charges, and apparently only the charges relating to Starbucks' discharge of employee Ryan Dinaro are relevant here. The ALJ received into evidence several exhibits and heard from witnesses Ryan Dinaro and Daniel Ransdell. *See, e.g.,* ECF No. 1-2 at 159 of 673 (Mr. Dinaro's testimony).

In addition to the charges, the Administrative Complaint, Starbuck's answer thereto, and excerpts of the ALJ hearing transcript, the Board attaches to its Complaint in this court several documentary exhibits that the ALJ received into evidence at the hearing. *See* ECF No. 1-2 at 1-7 (index of exhibits designated as "admitted into the ULP Record").

The Board also attaches two affidavits (of Malachi Dray and Jade Lindley, with redactions) and text messages between Mr. Dray and Ms. Lindley. *Id.* at 6 (listing PX 45, Malachi Dray affidavit dated March 21, 2023; PX 46 and 47, text messages; PX 48, Jade Lindley affidavit dated April 5, 2023). For these exhibits, the Board does not identify an exhibit number

4

from the ALJ hearing. Mr. Dray is "the Union representative assigned to represent employees at the Tremont store," which is the store at which Mr. Dinaro was employed when he was discharged. ECF No. 1-1 at 26 of 53. Ms. Lindley is a Tremont Store Barista Trainer (Starbucks' Motion at 8 of 26) with whom Mr. Dray communicated after Mr. Dinaro's discharge. The parties sharply dispute whether the affidavits reflect that Mr. Dinaro's discharge had a chilling effect on the remaining employees' interest in the union at the Tremont store. The names of the employees have been redacted; the Board asserts the redactions are necessary and authorized.

In its Complaint to the court, the Board enumerates several types of temporary injunctive relief that it requests the court to order against Starbucks; some of the requested relief is local and includes restoring Mr. Dinaro to employment; other relief is nationwide. Complt. at 8-11. Without attempting to exhaustively summarize all of the relief that the Board requests, it includes:

- directing Starbucks not to discharge or discipline employees for engaging in protected union-related activities at the Tremont store (*id.* at 8-9 ¶¶ 2(a), (b));
- reinstating Mr. Dinaro and rescinding the related disciplinary records; (*id.* at 9 ¶ 3(a), (b));
- posting copies of the court's injunctive order at the Tremont store;
- electronically distributing copies thereof to all employees within the United States and its Territories;
- convening meetings with all employees at the Tremont store in which "a responsible Employer agent" shall read the court's injunctive order to all employees (*id.* at 10); and
- "distribut[ing] electronic copies of a high-level Employer official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Employer Official) reading the

5

District Court's Injunction Order, on its Partner Hub and all other intranet or internet sites or apps that the Employer uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories"). *Id.* at 11.

II.     The Board's Motion and Starbucks' Competing Motion

    A.     Section 10(j) Legal Standards

To resolve a Section 10(j) petition, a district court in the Tenth Circuit considers only two issues: whether there is "reasonable cause to believe" that a respondent has violated the Act and whether temporary injunctive relief is "just and proper." Board's Motion at 2 (citing *Sharp ex rel. NLRB v. Webco Indus. Inc.*, 225 F.3d 1130, 1137 (10th Cir. 2000); *Angle v. Sacks ex rel. NLRB*, 382 F.2d 655, 660 (10th Cir. 1967)). In other words, the court in this case is not to determine the merits of the underlying labor practice charges, but only whether evidence reflects "reasonable cause to believe" that Starbucks has violated the Act, and whether the temporary injunctive relief that the Board seeks is "just and proper."

    B.     *The Board's Request to Rule Only on the Administrative Record, Affidavits, and Exhibits (i.e., No Discovery)*

The Board argues that under these standards it "must produce some evidence that [its] position is fairly supported by the evidence, and convince the district court that its theory of liability is valid, substantial, and not frivolous." Board's Motion at 3 (quotation marks omitted, citing *Sharp*, 225 F.3d at 1134). Based on those standards, the Board asserts that the court should decide the issues raised in the Complaint

> on the basis of the current record made before the Administrative Law Judge, affidavits, and documentary evidence rather than holding an evidentiary hearing. This Section 10(j) proceeding is ancillary to the underlying unfair labor practice administrative proceeding, and as discussed herein, Starbucks Corporation

(Respondent) is not entitled to a trial *de novo* before the District Court if prior sworn testimony on the issues can be utilized.

Board's Motion at 1.

    C.    *Starbucks' Competing Request to Allow Expedited Discovery and Set an Evidentiary Hearing*

Starbucks disagrees. It responds (and argues in its competing motion) to the contrary, that the Dray and Lindley affidavits the Board submits with its Complaint require some discovery and an evidentiary hearing on "the just and proper element." Starbucks' Motion at 6 of 26. Starbucks requests "an expedited discovery schedule pursuant to Rule 26 of the Federal Rules of Civil Procedure." *Id.* In opposing the Board's Motion, Starbucks further states:

> With one exception, Starbucks does not dispute that, as the law currently stands, the administrative record provides the evidence to which the Court should look in considering the reasonable cause element. The exception is the potential for newly discovered evidence that would support a motion to either the administrative law judge or the Board, depending upon the administrative case's posture at the time, requesting that the record be re-opened to include the evidence. Any such evidence discovered during the pendency of this case admitted into the record of the administrative case would be admissible here.

ECF No. 27 at 2. As this court understands Starbucks' position, it is thus not requesting discovery concerning whether there is a "reasonable cause to believe" that it violated the Act.

Starbucks specifically seeks expedited discovery for

> information to counter the thin and inherently unreliable hearsay evidence provided in the self-serving affidavits of the union representative and the union supporter purporting to establish that some unknown number of unnamed employees do not support the Union.
>     Toward that end, Starbucks requires discovery into whether the Union ever had the support of a majority of the employees at the store and, if it did, whether it had lost majority support by the time the ballots were tallied on May 19, 2022, or

> at some later point before Dinaro's termination a month later. . . .[4]
>
> Starbucks also requires discovery into whether the Union's loss of support is attributable to factors other than Dinaro's termination from employment. . . .
>
> Lastly, Starbucks seeks discovery from Petitioner relating to three subjects. The first area involves the facts, not matters concerning the Board's deliberative process, surrounding and leading up to the decision to by the Board to authorize the filing of the Petition.
>
> The second area is in some respects tied to the first area and involves the Board's (a) almost five-month delay from the date Starbucks terminated Dinaro's employment and the unfair practice charge was filed (June 17, 2022) to issue complaint on the charge alleging that Starbucks unlawfully terminated Dinaro (November 9, 2022); (b) over four-month delay after the complaint issued to begin the hearing on the claim (March 14, 2023); (c) additional month delay to complete the hearing (April 20, 2022); and (d) almost seven-week delay after the hearing concluded to file the Petition in this case (June 6, 2023), three weeks shy of one year from the date of Dinaro's termination.
>
> The third and final area involves the portions of the Board's prayer for relief [as to the nationwide relief that the Board seeks in this case.] . . . Petitioner does not disclose in its Petition the factual or legal grounds upon which it seeks this relief. As such, Starbucks needs discovery from Petitioner on the evidentiary basis for the requests.

Starbucks' Motion at 9-11 of 26 (paragraph breaks added). The requested discovery would consist of:

> document requests and interrogatories to the Board, the deposition of the Regional Director or another agent of the Board, and document subpoenas to and depositions of the Union, Dinaro, Dray, Lindley and others whom Starbucks learns may have relevant evidence.

---

[4] Starbucks further asserts: "Those are issues because out of 26 employees at the Tremont Store who were eligible voters, 11 employees signed the letter to the CEO in early March, but only eight employees voted in the election, one of whom cast a void ballot, two of whom cast challenged ballots which were not counted, and five of whom cast ballots that were counted. Four of the ballots that were counted were cast for the Union, resulting in the Union's being certified as the representative for all 26 employees. (ECF #1 at 19)." Starbucks' Motion at 9 of 26.

*Id.* at 11 of 26. Starbucks wishes to test thereby "(1) whether the two affiants here adhere to the core statements made in their affidavits when presented with the Company's evidence and questions; and (2) whether Petitioner can establish that equitable relief is "just and proper." *Id.* at 18 of 26. Starbucks does not appear to propose specific numeric limits or a specific timeline for the expedited discovery that it seeks.

Starbucks argues that in four other Section 10(j) cases that the Board has filed against Starbucks in the last 15 months (as of its brief filed July 6, 2023), the courts granted expedited discovery and an evidentiary hearing. ECF No. 20 at 8-9 of 26. In each of those cases, the Board had opposed discovery—consistent with its litigation manual, to which Starbucks cites. *Id.* at 13 of 26 n.3, Ex. A thereto. Starbucks further argues that discovery in this case is

> especially appropriate considering Petitioner's claims are based entirely upon conduct that allegedly occurred over a year ago. This type of delay, at best, renders the Petition itself inappropriate, especially without discovery. "The more time that elapses between the time the incidents occur the less effective injunctive relief becomes, and it becomes increasingly difficult to show it to be a 'just and proper' remedy."

Starbucks' Motion at 16 of 26 (quoting *Angle*, 382 F.2d at 661). It further argues:

> This is particularly true when, as here, Petitioner seeks extraordinary remedies that include asking this Court to: (1) reinstate Dinaro, whom Starbucks maintains was lawfully separated from employment for misconduct; (2) compel Starbucks to engage in speech in violation of its First Amendment rights; (3) convene mandatory meetings on working time for a reading remedy, even where no organizing campaign exists; and (4) distribute notice postings and videos of such notices being read to stores and employees *all over the country*.

*Id.* at 16-17 of 26.

The Board argues that discovery should only be allowed in "exceptional instances. ECF No. 32 at 2 (citing *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021); *Colo. Mont. Wyo.*

*State Area Conf. of the NAACP v. U.S. Election Integrity Plan*, No. 22-cv-00581-PAB, 2022 U.S. Dist. LEXIS 82767, at *2-3 (D. Colo. May 6, 2022) ("Cases where a plaintiff may require expedited discovery to meet its burden of proof to obtain a preliminary motion are expected to be rare.") (internal quotations omitted); *Sheridan v. Oak St. Mortg., L.L.C.*, 244 F.R.D. 520, 521 (E.D. Wis. 2007); *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004)).

The Board further argues that if allowed at all, discovery in Section 10(j) cases should only be for good cause and to obtain "specific, limited, and identifiable pieces of information, particularly when there is some risk of spoliation or when the suit cannot reasonably proceed without the information." *Id.* (citing *Mullane*, 339 F.R.D. at 663; *Let Them Play MN v. Walz*, 517 F. Supp. 3d 870, 889 (D. Minn. 2021)). "The Court should also examine "burdens associated with the expedited discovery in comparison to the potential injury to the moving party in the absence of expedited discovery." *Id.* (citing *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 210 (W.D.N.Y. 2020)).

Starbucks replies that while discovery in Section 10(j) cases is "typically on a limited, expedited basis," it is not limited to exceptional cases. ECF No. 35 at 2. Starbucks contends that the Board cites a "limited sampling of cases that do not support" that proposition, and Starbucks cites the Board's Section 10(j) Manual to the contrary:

> Courts frequently grant discovery because, despite the priority nature of Section 10(j) cases, the Board is subject to normal discovery procedures under the Federal Rules of Civil Procedure (Rules 26-37 and 45) in a district court proceeding. Board attorneys should be prepared to respond to reasonable discovery requests and to produce relevant, nonprivileged evidence.

ECF No. 35 at 3 (citing ECF No. 20-1 at 6). Starbucks further argues that the Board does not

10

rebut that in the last four Section 10(j) cases it has filed against Starbucks, the courts allowed expedited discovery. Although Starbucks contends that the Board's cited cases do not apply here, it does not dispute that it must show good cause and "limit the nature and scope of the discovery to the extent necessary to adjudicate the case in an expedited manner." *Id.* at 4.

    D.    *Analysis*

This court agrees with Starbucks that it has shown good cause for expedited discovery on *most* of the topics that it seeks in this case. Even assuming the Board is correct that only "exceptional" cases should be permitted discovery in support of a preliminary injunctive request (or in Section 10(j) cases), its own manual suggests that courts often find Section 10(j) cases are "exceptional." And the Board does not appear to dispute Starbucks' assertion that the three other courts in which the Board has filed a Section 10(j) petition against Starbucks in the last 15 months each allowed expedited discovery on Starbucks' request.

Even if three other courts had not come to the same conclusion that Starbucks should be allowed some discovery on recent Section 10(j) complaints, it is exceptional in this court's experience for an agency to request, essentially, that the agency be permitted to supplement with the administrative record with affidavits and related documentary exhibits, but that the respondent not be permitted discovery concerning the supplemental materials.

However, this court declines to find that Starbucks has satisfied the standard it must meet to take the deposition of the Regional Director or another high-level official at the Board. The Board vigorously objects that depositions of high-level agency officials are "disfavored and granted only on a showing of exceptional circumstances." ECF No. 32 at 7 (citing several cases). Starbucks cites *Sperandeo for & on Behalf of NLRB v. Milk Drivers & Dairy Emp. Loc. Union*

11

*No. 537*, 334 F.2d 381 (10th Cir. 1964), as having found that the Board's high-level officials are fair game for depositions, at least in Section 10(j) cases. However, *Sperandeo* appears to have found only that the deposition of a Board regional director was appropriate in the unusual circumstances of that case, after the court had denied a motion to quash a subpoena duces tecum and ruled that the court would conduct an in camera review of records for privilege. This court has not done so here, and the parties' current briefing of that issue—in the midst of their arguments for whether discovery should be permitted at all—do not suffice. There is no record yet showing that such a deposition would be relevant or proportional under Rule 26(b), let alone any case law that might apply specifically to depositions of a high-level agency official when the agency is the plaintiff.

This court is also skeptical of Starbucks' contention that it needs discovery concerning why the Board did not file the petition in this case (June 2023) until more than a year after the Union's first charge (May 2022). The Board is persuasive when it says "[t]he facts showing the passage of time are established and undisputed." ECF No. 32 at 8. Starbucks' laches defense does not entitle it to access materials or information that is protected attorney work product without meeting the criteria of Rule 26(b)(3) and applicable case law. The parties' current briefs do not suffice to allow the court to resolve this issue.

As to Starbucks' request for an evidentiary hearing—as opposed to discovery and then presentation of affidavits (or declarations under 28 U.S.C. § 1746) and documentary exhibits—this court denies that request without prejudice to refiling. On the present record, this court has little basis on which to make a recommendation to Judge Gallagher whether to hold an evidentiary hearing or not.

Accordingly, the Board's Motion is denied; Starbucks' Motion is granted in part and denied in part.

## III. The Union's Motion

This brings the court to the Union's motion to appear as amicus curiae. The Union is the charging party in the underlying proceeding. It seeks to be "be permitted to participate in oral argument at any hearings, to file briefs (if it believes that doing so would be of aid to the Court), and to examine witnesses during any hearings or deposition." Union Motion at 1. The Union states that it does not wish to delay the court's consideration of the Complaint, but it wishes to continue its participation here as it continues to be involved in the underlying proceeding.

As noted above, the Board does not oppose allowing the Union to file briefs but opposes the other forms of amicus participation. Starbucks opposes allowing the Union to participate in this case at all, as going well beyond the traditional limits of amicus curiae.

The Union argues that the court should consider the following factors:

> (1) Whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

Union Motion at 3 (quoting *Spaggio v. De Young*, 2022 U.S. Dist. LEXIS 60302, * 8 (D. Colo. Mar. 31, 2022)). "There is no precedent in the Tenth Circuit concerning the considerations a district court must analyze in deciding whether to allow *amicus* participation. However, other lower courts have found" the several factors identified above "to be helpful." *SEC v. Cetera Advisors LLC*, No. 19-cv-02461-MEH, 2020 WL 13470960, at *1 (D. Colo. Aug. 25, 2020).

Starbucks agrees that those are the pertinent factors. ECF No. 34 (*Cetera Advisors,* 2020 WL 13470960 at *2). It further argues this question is in the court's discretion. *Id.* (quoting *Russell v. Bd. of Plumbing Examiners of Cnty. of Westchester*, 74 F. Supp. 2d 349, 361 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001) (noting the court "has the discretion to determine the extent and manner of participation of an amicus"). *See also Cetera Advisors*, 2020 WL 13470960, at *1.

The Union argues that it is affected by Starbucks' alleged unfair labor practices, and it points to a memorandum of the General Counsel's Office of the Board as supporting that charging parties should be accorded the right of participation in Section 10(j) cases. However, in its Motion, the Union does not seek to intervene as a party.

Starbucks argues to the contrary that this court should deny the Union's motion because traditionally, amicus curiae are limited to disinterested persons. ECF No. 34 at 3 (citing *United States v. State of Michigan*, 940 F.2d 143, 164-165 (6th Cir. 1991)). Courts "have recognized a very limited adversary support of given issues through brief and/or oral argument." *Id.* "Amicus . . . has never been recognized, elevated to, or accorded the full litigating status of a named party or a real party in interest, . . . and amicus has been consistently precluded from initiating legal proceedings, filing pleadings, or otherwise participating and assuming control of the controversy in a totally adversarial fashion." *Id.*

Starbucks further argues that the Board is already protecting the Union's stated interests in seeking to have the requested injunctive relief entered against Starbucks, and that permitting the Union to examine witnesses in deposition or in hearing would essentially give the Union intervenor status without requiring it to show it is entitled to such. Starbucks also believes that

permitting the Union to participate as it wishes would complicate and likely slow down the discovery that this order allows.

In Reply, the Union argues that, unlike the amicus in *United States v. Michigan*, it does not ask "for the right to file pleadings or motions, to call witnesses, or even to take discovery." ECF No. 37 at 2. The Union points to a case cited by Starbucks in which the court recognized that courts can "allow amici to call their own witnesses and cross-examine the witnesses of other parties." *Id.* (quoting *Russell*, 74 F. Supp. 2d at 351). The Union also points to another case in Starbucks' briefing that recognized courts can allow an amicus to "introduce evidence." *Id.* at 3 (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994)).

The court begins by noting that the Union's request rests entirely upon its being a charging party in the underlying proceeding, who participated in the hearing before the ALJ and who has "unique interests" in this case because the Union is affected by the unfair labor practices that the Board alleges Starbucks has committed and will continue to commit if not enjoined by this court. The Union attaches two examples of orders allowing it to be an amicus in Section 10(j) cases. The Union wishes to examine witnesses and apparently to present evidence, if it chooses, but it does not wish to conduct discovery. It asks to file briefs and also wants to participate in any oral arguments the court conducts.

The Union does not discuss the fact that Starbucks seeks discovery in this case in large part because of the affidavits submitted by Union representative Mr. Dray and Union supporter Ms. Lindley. Notably, the Union does not state which witnesses it would wish to examine—i.e., witnesses from both sides or only Starbucks' witnesses. But what stands out to this court is that,

despite the Union's stated wish not to delay the relief that the Board requests, both sides' briefing on the Union's Motion demonstrates the same high level of contention between the Union and Starbucks as between the Board and Starbucks—the latter exemplified by their competing motions presenting essentially two sides of the same coin (whether to allow discovery and an evidentiary hearing). On the current record, the court finds no reason to further complicate and delay the proceedings to accommodate seemingly unnecessary discovery.

Without more specific information from the Union concerning why specifically it believes its continuing participation in the underlying proceeding does not suffice to protect its interests, or why the Board would not be fully capable of safeguarding the Union's interests—the Board after all, brought this action alleging that it has determined Starbucks committed unfair labor practices in discharging Mr. Dinaro for union-organizing activities—this court declines to exercise its discretion to permit the Union to appear as an amicus curiae. The motion is denied without prejudice to refiling, however, at the time the Union submits a proposed brief on the merits of the Complaint. This ruling is also without prejudice to the Union seeking Judge Gallagher's approval to allow it to participate in any hearing that he may set in the case.

IV.   Conclusion

Consistent with the foregoing, the Board's Motion is DENIED, Starbucks' Motion is GRANTED IN PART and DENIED IN PART, and the Union's Motion is DENIED without prejudice.[5]

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will

Within **seven (7) days** of this order being filed, the parties shall confer to propose a scheduling order that identifies the numeric limitations on discovery and a proposed schedule.

The parties may use either the court's standard form of proposed scheduling order or the court's standard form of proposed scheduling order for ERISA, environmental, and IDEA cases. Both are available on the court's website. **The court strongly encourages counsel to work cooperatively to agree on these terms.** If they cannot, they shall file separate proposed orders. This court will then determine whether a telephonic scheduling conference is necessary.

In the meanwhile, the parties shall also confer on whether either side contemplates that confidential information will be produced. If confidential information is implicated, the parties shall also confer and promptly submit a proposed, stipulated protective order.[6]

DATED:  February 12, 2024                              BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").

[6] The court suggests that counsel refer to the template protective order available on Magistrate Judge Varholak's webpage or obtain examples from among the numerous stipulated protective orders this court has entered.